IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nason Smith, ) | C/A No.: 3:07-3649-JFA-BM |
| ) | |
| Plaintiff, ) | |
| vs. ) | O R D E R |
| ) | |
| Sumter County Detention Center; Simon ) | |
| Major; Darrly McGainey; Magistrate Court ) | |
| of Sumter; Judge Tyndale, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Nason Smith, was a pretrial detainee at the Sumter County Detention Center during the time of the matters alleged in his complaint. He initiated this action pursuant to 42 U.S.C. § 1983 contending he is being illegally detained. He asks the court to find the defendants guilty of failing to follow court orders and requests $3 million in damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should dismiss this case without prejudice. The Magistrate Judge opines that the plaintiff has failed to explain how

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

defendants Major or McGainey individually violated his constitutional rights. The Magistrate also opines that Judge Tyndale should be dismissed because judges have absolute immunity from a claim for damages arising out of their judicial actions.

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on December 17, 2007. However, the plaintiff did not file any objections[2] to the Report within the time limits prescribed.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and defendants' motion for summary judgment is granted in its entirety.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

January 23, 2008
Columbia, South Carolina

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

2